**CASE NO. 23-1397**
UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| **Love, et al.,** | ) |
| | ) |
| Plaintiffs-Appellees, | ) |
| v. | ) |
| | ) |
| **Grashorn,** | ) |
| | ) |
| Defendant-Appellant. | ) |

On Appeal from the United States District Court
For the District of Colorado, Denver
The Honorable **Raymond P. Moore**
District Court Civil Case No. **21-cv-02502-RM-KLM**

**REPLY BRIEF OF APPELLANT OFFICER GRASHORN**

Respectfully submitted,

Jonathan M. Abramson
Yulia Nikolaevskaya
SGR, LLC
3900 East Mexico Avenue., Suite 700
Denver, CO 80210
Telephone: 303-320-0509
Email:jabramson@sgrllc.com
    jnikolaevskaya@sgrllc.com
***Attorneys for Appellant Officer Matthew Grashorn***

July 22, 2024

Oral Argument is requested.

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ i

TABLE OF AUTHORITIES ................................................................. ii

REPLY TO INTRODUCTION ............................................................1

REPLY TO STATEMENT OF JURISDICTION ................................2

REPLY TO THE STATEMENT OF THE CASE.................................4

REPLY TO ARGUMENT ...................................................................5

    A.    The Law Was Not Clearly Established as to Actions of
           The Appellant at The Time of The Incident..........................5

    B.    The Court Has Jurisdiction to Hear This Interlocutory
           Appeal Because Appellant Raises Legal Challenges to the
           Denial of Qualified Immunity. ...........................................11

    C.    Appellant's Actions at The Time of The Incident Were
           Reasonable Under the Circumstances and the Case Law. ..................14

CONCLUSION.................................................................................19

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT .........21

CERTIFICATE OF DIGITAL SUBMISSION...................................21

CERTIFICATE OF SERVICE ........................................................20

# TABLE OF AUTHORITIES

## Cases

*Armendariz v. City of Colorado Springs*,
   2024 U.S. Dist. LEXIS 88532, *26 (10th Cir. April 10, 2024)............................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................2

*Bloodworth v. Kan. City Bd. of Police Comm'rs*,
   89 F.4th 614 (8th Cir. 2023) .........................................................................6, 7

*Branson v. Price*, 2015 U.S. Dist. LEXIS 126652 (D. Colo. 2015)..... 11, 14, 15, 16

*Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) .......................................................8

*Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)........................................3

*Bullock v. City of Detroit*, 814 Fed. Appx. 945, 948 (6th Cir. 2020) .......................2

*City of Escondido, Cal. v. Emmons*, 139 S Ct. 500, 503 (2019)................................8

*City of Tahlequah v. Bond*, 595 U.S. 9, 12-13 (2021 .................................................8

*Cox v. Glanz*, 800 F.3d 1231 (10th Cir. 2015)..........................................................13

*Fogarty v. Gallegos*, 523 F.3d 1147 (10th Cir. 2008 ...............................................12

*Gann v. Cline*, 519 F.3d 1090, 1091 (10th Cir. 2008)................................................3

*Graham v. Connor*,
   490 U.S. 386, 396-97, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) .....................17

*Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990) ..........................9

*Hansen v. Black*, 872 F.3d 554, 558 (8th Cir. 2017) .................................................6

*Hatlee v. Olds*, 665 Fed. Appx. 695, 699 (10th Cir. 2016).......................................4

*Johnson v. Jones*, 515 U.S. 304 (1995) ...................................................................12

*Kendall v. Olsen*, 237 F. Supp. 3d 1156, 1170 (D. Utah 2017)...........................1, 10

*Kendall v. Olsen*, 727 Fed. Appx. 970 (10th Cir. 2018)............................................9

*Lynch v. Barrett*, 703 F.3d 1153 (10th Cir. 2013) ....................................................7

*Mayfield v. Bethards*, 826 F.3d 1252 (10th Cir. 2016).................................... *passim*

*Mayfield v. Harvey Cty. Sheriff's Dep't*, 731 Fed. Appx. 685 (10th Cir. 2018) ......16

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ..........................................................2

*Mullenix v. Luna*, 577 U.S. 7, 12 (2015) .............................................................7, 8

*Pauly v. White*, 874 F.3d 1197, 1222 (10th Cir. 2017)..............................................7

*Perez v. United Gov't of Wyandotte Cty./Kan. City*,
    432 F.3d 1163 (10th Cir. 2005) ...........................................................................13

*Quinn v. Young*, 780 F.3d 998 (10th Cir. 2015) ......................................................9

*Scott v. Harris*, 550 U.S. 372, n. 8 (2007) .............................................................12

*Stephenson v. McClelland*, 632 Fed. Appx. 177 (5th Cir. 2015)..................... 10, 14

*Thomas v. Durastanti*, 607 F.3d 655, 669—70 (10th Cir. 2010) .............................8

*Trotter v. Regents of Univ. of N.M.*, 219 F.3d 1179, 1184 (10th Cir. 2000) .............9

*Walton v. Powell*, 821 F.3d 1204 (10th Cir. 2016).................................................12

*Weigel v. Broad*, 544 F.3d 1143, 1170 (10th Cir. 2008) ..........................................9

**Rules**

10th Cir. R. 32.1 ......................................................................................................9

Fed. R. App. P. 28(a)(8)(A) .....................................................................................4

Fed. R. App. P. 32.1 .................................................................................................9

**Statutes**

28 U.S.C. § 1291 .....................................................................................................3

# REPLY TO INTRODUCTION

At the time of this incident, Appellant was doing his job when he responded to a call of trespassing and attempted to approach Appellees. Appellees were in fact trespassing and did not have two of their three dogs secured on a property that did not belong to them. Appellant did not know the Appellees and did not know their dogs. Two dogs, Bubba (Rhodesian Ridgeback) and Herkimer (Pitbull), were running at the Appellant. Appellant only fired at Herkimer, because Herkimer did not respond to Appellees' command and continued to run at the Appellant. Bubba responded to commands, stopped running at Appellant and turned back to Appellees. The case law allows officers to use deadly force to protect officers from the threat of serious bodily injury harm. "[A]n officer need not wait to be mauled or attacked before employing force in self-defense." *Kendall v. Olsen*, 237 F. Supp. 3d 1156, 1170 (D. Utah 2017). Hindsight may suggest that Appellant should have been better at identifying dog's behavior in a 3-second span of time or could have retreated or could have attempted the use the lesser force. But regardless of the hindsight, the uncontroverted facts of this case show that Appellant had a good faith basis for perceiving an imminent threat to his safety. Under the law, Appellant was not required to take a chance of injury before protecting himself from a Pitbull who was running directly at the Appellant and did not abide by the commands of Appellees.

The Court objectively evaluates whether a dog constitutes an imminent threat from the perspective of a reasonable police officer at the time of the incident, **without the benefit of hindsight**. *Bullock v. City of Detroit*, 814 Fed. Appx. 945, 948 (6th Cir. 2020) (citation omitted) (emphasis added). Appellant acted reasonably under the circumstances. The case law failed to clearly establish that at the time of this incident and under the specific facts of this case Appellant's conduct was unlawful.

## REPLY TO STATEMENT OF JURISDICTION

In his opening brief, Appellant has precisely identified the grounds under which this Court has jurisdiction to hear Appellant's appeal of the denial of Appellant's Motion for Summary Judgment and denial of qualified immunity. Op. Br., pp. 9, 17-39. "[T]he applicability of [the collateral order] doctrine in the context of qualified-immunity claims is well established." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The doctrine applies to denials of qualified immunity because qualified immunity" is an *immunity from suit* rather than a mere defense to liability . . . [and] it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Iqbal*, 556 U.S. at 672 ("[Q]ualified immunity is both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation." (quotations omitted)). The collateral order doctrine applies only when qualified immunity turns on a purely legal issue. *See*

*Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011) ("[A] district court's denial of a claim of qualified immunity, *to the extent that it turns on an issue of law*, is an appealable final decision within the meaning of 28 U.S.C. § 1291 (emphasis added) (quotations omitted)); *Gann v. Cline*, 519 F.3d 1090, 1091 (10th Cir. 2008) ("Our jurisdiction arises under 28 U.S.C. § 1291 and the collateral order doctrine allowing an interlocutory appeal from the denial of qualified immunity *that rests upon purely legal grounds.*" (emphasis added)).

The basis of Appellant's appeal rests upon purely legal grounds. Appellant argued that the District Court erred in finding that the law was clearly established as to actions of the Appellant as in the Order on Appellant's Motion for Summary Judgment the District Court did not cite a factually similar case. Op. Br., pp. 18-26. Moreover, Appellant argued that his actions were reasonable under the circumstances based on undisputed facts depicted in the body worn camera footage of the Appellant, unrebutted testimony of the Appellant and relevant testimony of Appellee's expert witness. Op. Br., pp. 26-31. Lastly, the Appellant argued that as a matter of law he was entitled to qualified immunity if he made a mistake as to the actions and intentions of Herkimer. Op. Br., pp. 39-41. The above reasons establish this Court's jurisdiction.

## REPLY TO THE STATEMENT OF THE CASE

Appellant submits that immaterial facts[1], legal arguments[2], legal conclusions[3], various factual assertions as well as factual statements not supported by the record[4] (or containing no citation to the record[5]) which are included in Appellees' statement of facts should not be considered by this Court. *See Hatlee v. Olds*, 665 Fed. Appx. 695, 699 (10th Cir. 2016) ("We are not required to consider unsupported factual assertions". *See* Fed. R. App. P. 28(a)(8)(A) (stating an argument section in an appellate brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). In addition, Section III of Appellees' Response does not directly respond to the statement of facts included in the Appellant's opening brief but in parts attempts to use Appellees' unsupported assertions and conclusions as a ground to argue the merits of the case. This Court should decline to do so and should consider the genuinely undisputed evidence presented by the Appellant in his opening brief which included body worn camera footage, unrebutted testimony of the Appellant and relevant testimony of Appellees' expert witness.

---

[1] For example, *see* Response, pp. 10, 11, 17.
[2] For example, *see* Response, pp. 12, 13, 15, 16.
[3] For example, *see* Response, pp. 13, 14, 15.
[4] For example, *see* Response, pp. 12-17.
[5] For example, *see* Response, pp. 10-14, 16, 19.

## REPLY TO ARGUMENT

### A. The Law Was Not Clearly Established as to Actions of The Appellant at The Time of The Incident.

The District Court's Order on Appellant's Motion for Summary Judgment, Appellees' Response to Appellant's Motion for Summary Judgement and Response to Appellant's opening brief, failed to cite to a factually similar case to show that the law was clearly established as to alleged unreasonableness of Appellant's actions at the time of the incident. Appellees were required to identify such case law under the qualified immunity analysis but failed. Therefore, the Appellant is entitled to qualified immunity as a matter of law.

Appellant never argued that seizure of a pet is not a seizure covered by the Fourth Amendment. Op. Br., pp. 18-26. It is clear that pursuant to this Court's finding in *Mayfield v. Bethards*, 826 F.3d 1252 (10th Cir. 2016), that seizure of a pet is reviewed under the Fourth Amendment analysis and can be unreasonable under certain circumstances. But *Mayfield* is generic for the purpose of a clearly established analysis and not specific to the facts of this case. The defendant in *Mayfield* argued that the dog who was shot by the defendant was not subject to the Fourth Amendment protection and this Court disagreed by finding that a killing of a pet dog may constitute an unreasonable seizure under the Fourth Amendment.

*Mayfield*, 826 F.3d at 1256.[6] But that is the only question that *Mayfield* Court considered and upon that finding did not specifically outline what specific facts would constitute an unreasonable seizure.[7]

However, in this case, Appellant argued that the case law was not clearly established that Appellant's actions were unlawful or unreasonable under the circumstances and facts similar to this case. For example, in *Bloodworth v. Kan. City Bd. of Police Comm'rs*, 89 F.4th 614 (8th Cir. 2023), a case pertaining to a seizure of a dog, the Eighth Circuit performed the necessary qualified immunity doctrine analysis of the specific case law cited by the appellee. The Eighth Circuit panel then stated that:

> We agree that dogs are considered "effects" within the meaning of the Fourth Amendment, and therefore shooting a dog is a seizure that must be objectively reasonable or it violates the owner's Fourth Amendment property interest. *Hansen v. Black*, 872 F.3d 554, 558 (8th Cir. 2017), *cert. denied* 584 U.S. 979, 138 S. Ct. 2010, 201 L. Ed. 2d 252 (2018). [However], [t]his inquiry "turns on the facts and circumstances of each particular case," viewed from "the perspective of a reasonable officer on the scene." *Id.* at 558 (quotation omitted).

---

[6] The defendant in *Mayfield* also argued that "even if dogs are subject to Fourth Amendment protection, the law was not clearly established because there was no Supreme Court or Tenth Circuit case on point." *Mayfield*, 826 F.3d at 1258. But the defendant in *Mayfield* was referring to the clearly established law that pets are subject to the Fourth Amendment protection and not case law on what constitutes unreasonable Fourth Amendment seizure under the circumstances.

[7] In addition, the Court's finding in *Mayfield* pertained to the District Court's denial of defendant's Motion to Dismiss. *Mayfield*, 826 F.3d at 1254.

*Id*. at 626. The Eight Circuit panel then reviewed the cases cited by appellee, found facts of those cases to be distinguishable and ruled for the appellant. *Id*. at 626-627.

As in *Bloodworth*, under the qualified immunity analysis, Appellees were required to cite to a factually similar case which would show that under the similar facts and circumstances actions of the Appellant were unreasonable and clearly violated the Fourth Amendment. The dispositive question is "whether the violative nature of *particular* conduct is clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citation omitted). The clarity of the law must be viewed "**in light of the specific context of the case, not as a broad general proposition**." *Pauly v. White*, 874 F.3d 1197, 1222 (10th Cir. 2017) (emphasis added). Appellees continue to cite to *Mayfield* for the general proposition that seizure of a pet may constitute a Fourth Amendment violation if unreasonable but fail to identify a case which would address what constitutes unreasonable conduct. Resp., p. 28. In *Lynch v. Barrett*, 703 F.3d 1153 (10th Cir. 2013), this Court explained:

> [S]imply to say the Constitution recognizes a right to court access casts too high a level of generality over our inquiry. To show [Plaintiff's] alleged right to court access was clearly established in the proper sense, Plaintiff should identify" cases of controlling authority . . . at the time of the incident . . . [or] a consensus of cases of persuasive authority" clearly establishing *the scope of the right encompasses the facts presented*, "such that a reasonable officer could not have believed that his actions were [consistent with that right]."

*Id.* at 1161 (second and third alterations in original) (omissions in original) (second emphasis added) (quotation omitted); *see also Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) ("It is important to emphasize that [the clearly-established-law] inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." (internal quotation marks omitted)); *Thomas v. Durastanti*, 607 F.3d 655, 669—70 (10th Cir. 2010) (rejecting as insufficiently particularized two proffered cases that pertained to the same general constitutional right, but otherwise involved wholly different risks and concerns). This level of specificity is particularly important in Fourth Amendment cases where it is "'sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts.'" *City of Tahlequah v. Bond*, 595 U.S. 9, 12-13 (2021 (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015); *see also City of Escondido, Cal. v. Emmons*, 139 S Ct. 500, 503 (2019) (the clearly established right must be defined with specificity particularly in the Fourth Amendment context); *see also Armendariz v. City of Colorado Springs*, 2024 U.S. Dist. LEXIS 88532, *26 (10th Cir. April 10, 2024).

Appellees also cite to *Mayfield* for the proposition that "[t]he question is not whether there is a prior case with precisely the same facts, but 'whether the law put officials on fair notice that the described conduct was unconstitutional.'" Resp., p.

28. But Appellees fail to cite to required case law putting Appellant on notice of what specific actions by Appellant at the time of the incident were unconstitutional. The facts in *Mayfield*[8] do not resemble the facts of this case and do not provide the Appellant with required factually specific notice.

As this Court has previously clearly outlined in *Quinn v. Young*, 780 F.3d 998 (10th Cir. 2015):

> [W]e have said that "[t]he Fourth Amendment's general prohibition against unreasonable seizures is cast at too high a level of generality to clearly establish the law." *Weigel v. Broad*, 544 F.3d 1143, 1170 (10th Cir. 2008) (internal quotation marks omitted). Consequently, to demonstrate that qualified immunity is not appropriate, a plaintiff may not simply allege—and the district court likewise may not accept as sufficient—the defendant's violation of an amorphously-defined Fourth Amendment right. We have required the showing of "**a *substantial correspondence* between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited.**" *Trotter v. Regents of Univ. of N.M.*, 219 F.3d 1179, 1184 (10th Cir. 2000) (emphasis added) (quoting *Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990)) (internal quotation marks omitted).

*Id*. at 1009-1010.

In *Kendall v. Olsen*[9], 727 Fed. Appx. 970, 974 (10th Cir. 2018), this Court found that officer's shooting of a large dog that appeared suddenly approximately

---

[8] In *Mayfield*, deputies shot dogs laying in the front yard of the Mayfields' private residence. *Mayfield*, at 1254.

[9] Cited for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

20-25 feet away from the officer, barking loudly, running at the officer, and where the officer had only a few seconds to react to this rapidly approaching dog was reasonable under the circumstances. This Court found that under these circumstances, an officer could reasonably believe that the dog posed an imminent threat to officer's safety, even where parties disputed whether the dog was acting aggressively and whether the dog posed a threat to the officer when shot. *Kendall*, 727 Fed. Appx. at 974. The *Kendall* case, together with the cases cited by the Appellant in his opening brief[10], supports the Appellant's argument that law was not clearly established law that Appellant's actions were unreasonable and unlawful under the circumstances. Op. Br., pp. 23-25. In the response, Appellees did not address *Stephenson* and *Schutt.* Resp., pp. 6-28. Appellees did not respond to Appellant's argument that *Stephenson* and *Schutt* are factually similar to the facts of this case. *Id*. Therefore, Appellees failed to establish that Appellant's actions at the time of this incident were in violation of the Fourth Amendment.

---

[10] *Stephenson v. McClelland*, 632 Fed. Appx. 177 (5th Cir. 2015) and *Schutt v. Lewis*, 2014 U.S. Dist. LEXIS 110633, 2014 WL 3908187 (M.D. Fla., 2014). Op. Br., pp, 23-25.

**B.    The Court Has Jurisdiction to Hear This Interlocutory Appeal Because Appellant Raises Legal Challenges to the Denial of Qualified Immunity.**

This Court has jurisdiction to review the District Court's denial of qualified immunity 1) because the District Court failed to clearly outline the facts it found to be undisputed and material which lead to an error in the analysis of the reasonableness of Appellant's actions, and 2) the District Court erred in its finding that the law was clearly established as to the actions of the Appellant. Both errors by the District Court provide a basis for this Court's jurisdiction.

First, this case has evidence which cannot be viably disputed by Appellees: the body worn camera footage of the Appellant and the testimony of Appellees' expert witness. Appellees allege in their Response that Appellant's appeal is rooted in genuine issues of material fact. Resp., p. 26. However, Appellees fail to identify in their Response which issues of material facts are specifically disputed and which issues of fact the District Court found to be material and disputed. Resp., pp. 26-27. As argued in Appellant's opening brief, at least as to the District Court's analysis of the *Branson*[11] factors three (3), four (4), and five (5), the District Court did not reference what facts it considered[12], what facts it found to be material and disputed.

---

[11] *Branson v. Price*, 2015 U.S. Dist. LEXIS 126652 (D. Colo. 2015).
[12] As to *Branson* factor two (2), breed of the dog, the District Court correctly found that Herkimer was a Pitbull. (App. Vol. VI at 1066).

(App. Vol. VI at 1066). Thus, because the District Court failed to outline the facts it considered to be material and disputed, this Court can assume that task. *See Walton v. Powell*, 821 F.3d 1204, 1208 (10th Cir. 2016). For the appellate review, the appellate court is required to *"accept as true the facts the district court expressly held a reasonable jury could accept"*. *Id*. "[I]n most every situation but those *Johnson*[13] carves out appellate courts traditionally and routinely *do* assess de novo what facts a jury might accept and that task is not considered incompatible with normal principles of appellate review or unduly inefficient." *Id*.

At the summary judgement stage, once the Court identifies the relevant facts and draw all inferences in the non-movant's favor, unless Appellees' version of the events is clearly contradicted by video evidence, the reasonableness of an officer's actions "is a pure question of law". *Scott v. Harris*, 550 U.S. 372, 380, 381 n. 8 (2007). Here, the failure of the District Court to specifically identify facts found and facts assumed is significant because the legal review of whether Appellant is entitled to qualified immunity is based upon these facts. *Fogarty v. Gallegos*, 523 F.3d 1147, 1154 (10th Cir. 2008). Such an error by the District Court is also significant because Appellees' version of the events is contradicted by the video evidence and testimony of Appellees' own expert witness. For example, Appellees continue to argue that

---

[13] *Johnson v. Jones*, 515 U.S. 304 (1995).

Herkimer was turning back in response to Appellee Hamm's command (Resp., pp. 14-15) and Appellees' own expert witness testified that Herkimer did not respond to Appellee Hamm's command. (App. Vol. III at 525, 121:9-10). Appellees also continue to argue that Herkimer was clearly friendly (Resp., pp. 14, 31, 34) and Appellees' expert testified that "there was a possibility that he [Appellant] might have been bitten." (App. Vol. III at 532, 148:20-21).

Moreover, "even when the district court concludes issues of material fact exist, [this Court] [may review] the legal question of whether a defendant's conduct, as alleged by the plaintiff, violates clearly established law," *Cox v. Glanz*, 800 F.3d 1231, 1242 (10th Cir. 2015) (brackets and internal quotation marks omitted). That review is de novo. *See Perez v. United Gov't of Wyandotte Cty./Kan. City*, 432 F.3d 1163, 1166 (10th Cir. 2005) ("If de novo review of the alleged facts demonstrates that they do not amount to a violation of a clearly established right, we reverse a denial of summary judgment on qualified immunity grounds."). Appellant asked this Court to review the facts Appellant considers to be material and undisputed. The facts were not outlined by the District Court in its opinion. Appellant asked this Court to perform its own legal analysis of the facts and the reasonableness of Appellant's actions. Op. Br., pp. 26-39. In his opening brief, Appellant provided arguments supporting his position that his actions were reasonable under the factors

outlined in the District of Colorado case of *Branson*. Those factors were never used by this Court previously and arguably do not constitute clearly established law. *Id*. The Appellant also asked this Court to review his actions under the guidance of factually similar cases he cited: *Stephenson* and *Schutt*. Op. Br., pp. 23-25. The request of this Court to undertake legal analysis of this case, including factual analysis of undisputed and material facts, is well within the scope of this Court's jurisdiction.

## C. Appellant's Actions at The Time of The Incident Were Reasonable Under The Circumstances and the Case Law.

Despite Appellees' unsupported contention, Appellant never argued that it was reasonable for an officer, as a matter of law, to kill any unleashed dog approaching the officer no matter how friendly the dog appears. Resp., p. 31. Appellant argued that based on the facts of this case, he genuinely and reasonably believed that he would be bitten and used deadly force to protect himself. Op. Br., pp. 30-39. Appellant cited two factually similar cases: *Stephenson* and *Schutt*, to support Appellant's position that his conduct was reasonable under the circumstances and lawful. *Id*., pp. 23-25. As noted previously, Appellees did not address *Stephenson* and *Schutt* in their Response.

Appellees argue that based on the language in *Branson* "that it is unreasonable to kill a pet dog when the dog does not present an imminent threat to law

enforcement." Resp., p. 29. Appellant does not disagree with this this generic proposition. However, *Branson* is not clearly established law and does not put Appellant on notice as to specific facts of what constitutes reasonable and not reasonable. In *Branson*, officers shot a dog which was secured in a steel catch loop held by another officer, making the seizure in that case unreasonable. *Branson*, 2015 U.S. Dist. LEXIS 126652, *8-9. This is not what happened in this case. *See* Op. Br., pp. 11-12. Thus, *Branson*, and the long list of cases cited in *Branson* and discussed by the Appellant in his opening brief cannot put Appellant on notice of what is reasonable and not reasonable under the specific factual scenario faced by the Appellant.

Appellees claim that the vast majority of pet dogs are not aggressive, pet dogs can unexpectedly become unsecure all the time, and most modern society does not consider an officer justified in shooting a dog merely because it happened upon while momentarily unsecured. Resp., pp. 29-30. The Appellant does not disagree with this general proposition, but that is not what happened in this case. Herkimer was not just momentarily unsecured: Appellees admitted that he was left unleashed on the property Appellees were trespassing on. (App. Vol. IV at 660, 67:15-25; 68:1-13; 67:19-69:14). Appellees claim that Herkimer was a friendly dog and Appellant should have immediately recognized it. Rep., p. 24. "But plaintiffs' speculation as

to the dog's behavior cannot create a genuine issue of fact." *Mayfield v. Bethards*, 2017 U.S. Dist. LEXIS 139600, *24 (D. Kan. 2017)[14], citing *Kendall v. Olsen*, 237 F. Supp. 3d 1156, 2017 WL 664024, *7 (D. Utah 2017)[15] ("A reasonable responding officer would not be expected to know anything about [plaintiff's] dog's history...."). Appellees presented no evidence that Appellant knew that Herkimer was friendly or that Appellant was required to recognize so within three (3) seconds of encountering the dog. Moreover, the District Court's opinion does not contain any finding that Herkimer was a friendly dog behaving like a friendly dog either. Quite the contrary, the District Court stated that it is unknown what Herkimer would have done if he was not shot. (App. Vol. VI at 1065).

Furthermore, Appellees mischaracterize the evidence and Appellant's testimony. Resp., pp. 29-33. Appellees claim Appellant shot Herkimer simply because Herkimer was a Pitbull mix. Resp., p. 32. The record does not support this assertion. The case law that Appellees cite *(Branson)* allows Appellant to consider the breed of the dog confronted. Appellant did what the case law allows him to do: take into consideration that Herkimer was a Pitbull and Pitbulls can be at times unpredictable even if they appear friendly. Op. Br., pp. 36-39.

---

[14] Grant of qualified immunity affirmed on appeal. *See Mayfield v. Harvey Cty. Sheriff's Dep't*, 731 Fed. Appx. 685 (10th Cir. 2018).
[15] Grant of qualified immunity affirmed on appeal. *See Kendall*, 727 Fed. Appx. 970.

Appellees attack Appellant for his testimony related to the use of non-lethal alternative methods. Resp., p. 32. Despite Appellees' mischaracterization, Appellant's testimony as to the attempted use of the alternative methods was clear and was outlined by the Appellant in his opening brief. Op. Br., pp. 33-36. It is also important to note that Appellees' argument about possible use of alternative lesser force has been previously addressed by this Court. In *Kendall*, Plaintiff argued that Defendant "was mistaken in this belief, and that even if [the dog] was a threat, shooting him was unreasonable because [Defendant] had other, non-lethal methods of defending himself, such as using his taser or baton." *Kendall*, 727 Fed. Appx. At 974. But this Court stated:

> However, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). While [Defendant] perhaps could have reacted differently, we cannot say that his split-second decision to use lethal force was objectively unreasonable. *See id.* at 396 ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.").

*Id*. at 974-975. Here, based on this Court's language in *Kendall*, Appellant's decision not to use alternative methods were reasonable and within the scope of the pertinent case law.

Next, Appellees fault Appellant with a "stealth-like" sneaky approach of Appellees when Appellees were trespassing on someone else's property with two dogs unleashed and unsecured. Resp., p. 33. Appellees argue that it was Appellant's fault for responding to the dispatch call of trespassing and approaching them at all. *Id*. Appellees argue that Appellant's approach of Appellees while they were trespassing was "reckless, unreasonable, and foolish." *Id*. First, the District Court never found that Appellant's approach of Appellees was reckless in any way. *See* Attachment 1 to the Opening Brief, entirety. Second, Appellants' assertions of a "stealth-like" approach is fully contradicted by the video evidence, as Appellant approached Appellees in a broad daylight in a clearly marked police vehicle. (Ex. B, 0:00:03-0:00:08). Lastly, Appellees failed to cite to any case which would prohibit officer from making contact with trespassing suspects pursuant to dispatch assignment to investigate. Thus, Appellees' unsupported by evidence and law arguments must be disregarded by this Court. *See Hatlee,* 665 Fed. Appx. at 699.

Lastly, Appellees respond to Appellant's good faith mistake argument, which was raised by Appellant in his Motion for Summary Judgment and his opening brief. Resp., pp. 33-34. First, Appellees did not respond to Appellant's "good faith mistake" argument in their response to Appellant's Motion for Summary Judgment. (App. Vol. V at 770-788). The District Court did not address this argument in its

order on Appellant's Motion for Summary Judgment as well. *See* Attachment 1 to Appellant's Opening Brief, entirety.

Second, any assertions made by Appellees as to the good-faith mistake argument by the Appellant are entirely without citations to the record. Resp., pp. 33-34. Appellant believed he would be bitten. (App. Vol. III at 427, 116:20-21). Appellees provided no evidence supported by citation to the record to the contrary. Appellant did cite to the record and did cite to the case law. Op. Br., pp. 39-41. Most importantly, the District Court did find that no one knows what Herkimer would have done. (App. Vol. VI at 1065). Based on this specific District Court's finding alone, it is clear that it was reasonable that the Appellant mistakenly perceived that Herkimer would bite him and shoot in self-defense. The Appellant is entitled to qualified immunity because his mistake was reasonable.

## CONCLUSION

Appellant's actions at the time of the incident were reasonable under the circumstances and applicable case law. Accordingly, Appellant respectfully requests this Court reverse the District Court's denial of qualified immunity to the Appellant.

Dated: July 22, 2024

Respectfully submitted,

**SGR, LLC**

  s/ Jonathan M. Abramson
*Jonathan M. Abramson*
3900 E. Mexico Ave., Ste. 700
Denver, CO 80210
Phone: (303) 320-0509
E-mail: jabramson@sgrllc.com

  s/ Julie Nikolaevskaya
*Julie Nikolaevskaya*
3900 E. Mexico Ave., Ste. 700
Denver, CO 80210
Phone: (303) 320-0509
E-mail: jnikolaevskaya@sgrllc.com
*Attorneys for Defendant/Appellant*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii) because:

    [X] this document contains 4,611 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), **or**

    [ ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type styles requirements of Fed. R. App. P. 32(a)(6) because:

    [X] this document has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point, Times New Roman font, **or**

    [ ] this document has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Date: July 22, 2024               **SGR, LLC**

                  s/ Jonathan M. Abramson
                  *Jonathan M. Abramson*

                  s/ Julie Nikolaevskaya
                  *Julie Nikolaevskaya*

                  *Attorneys for Defendant/Appellant*

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, SentinelOne security agent, version 23.4.4.223, connected to online databases as of today's date, July 22, 2024, and according to the program are free of viruses.

Date: July 22, 2024    **SGR, LLC**

           s/ Jonathan M. Abramson
          *Jonathan M. Abramson*

           s/ Julie Nikolaevskaya
          *Julie Nikolaevskaya*

          *Attorneys for Defendant/Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd of July 2024, I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to the following:

Sarah J. Schielke via email sarah@lifeandlibertylaw.com
Madison Waldrep via email madison@lifeandlibertylaw.com
*Attorneys for Plaintiffs/Appellees*


Date: July 22, 2024           **SGR, LLC**

                                      s/ Jonathan M. Abramson
                                      ***Jonathan M. Abramson***

                                      s/ Julie Nikolaevskaya
                                      ***Julie Nikolaevskaya***

                                      *Attorneys for Defendant/Appellant*